May it please the court. Good morning. My name is Jim Miller. I'm representing the appellant here who is a disability applicant under the Social Security Act, and I believe you're all familiar with these types of cases. This case is a fairly simple case, and I think most of the medical and legal facts are undisputed. There's a low back impairment, two lumbar back surgeries over about a two and a half year period. The legal period starts just before the second back surgery in September 2004, and the period then goes on for about two and a half years until the ALJ's decision, which was later made the final decision of the Commissioner of Social Security. She continued past that surgery with ultimately unresolved medical issues, including continuing low back pain. So there's just three issues here. None of them are complex. None of them are issues of first impression. The timing issue, understanding the timing of the medical facts is at issue in a couple arguments. Timing is important because the Social Security twice argues that references of a 2007 MRI to a July 2004 MRI support their position. This timing issue shows, though, that the 2004 MRI occurring before her second surgery supposedly was consistent with her need for surgery and was consistent with her having that surgery later. So the SSA's argument on this is not helpful. If there are no, are there any questions about any of the issues? I have brief and minor comments on each. You might want to save the time for rebuttal. We have some questions for the government. Okay. May I briefly address the standard of review here? Sure. The Social Security often argues for deference and has here. For example, in arguing about the credibility, the findings on the credibility of symptom statements, they argue for a standard, did not arbitrarily discount. And also in regard to the issue about the medical opinions, they argue for standard rational interpretation, valid rational interpretation. Appellants admits that this argument for the court to limit its de novo powers is inappropriate here. This is not Strauss, a case in which Judge Thomas recently worked on, where a district court was reversed for ordering a payment of benefits. That is not present here. And I believe that the SSA arguments are not based on the law about standard of review, but are based on their need to have less challenges and to have exclusive discretion. I'll save the rest of my time. Very good. Thank you, counsel. Thank you. Good morning. May it please the Court. Scott Borrowman for the Commissioner of Social Security. As opposing counsel pointed out, this case is like a lot of other Social Security cases where the question really comes down to, did the agency properly determine the appellant's, the claimant's residual functional capacity? If it did, then the appeals counsel correctly concluded that she was not disabled under the medical vocational guidelines or the GRIDs. The two assertions of error, there's three. One is about the application of the GRIDs themselves. The other two are about the review of the medical evidence and the review of the claimant's credibility. And it's the Commissioner's position that none of the assertions of error are persuasive and that the decision should be affirmed. To briefly point out, we don't contest the regular standard of review that this Court engages in de novo review. But we do point out that with respect to factual questions, it is a substantial evidence standard, and the review of questions of law is, of course, de novo. So as I understand it, the Commissioner's primary evidence that they rely on is Dr. Gable's opinion. Is that correct? Dr. Gable's opinion is one of the principal pieces of evidence on which the decision is based. Correct. And as I understand it, he had an opinion that Ms. Black could stand two to four hours and walk six hours a day. What did he base that opinion on? Dr. Gable was a consultative examiner, so he examined the claimant, actually did some testing in his office, and took an oral history. And so that's, for example, at the administrative hearing, Dr. Gable wrote in his opinion that the claimant can walk for four miles with a fair amount of comfort. And at the hearing, at the administrative hearing, appellant's counsel asked, did you really mean to say four miles? And she said, no, I really meant to say four blocks. So there was that exchange between the appellant and Dr. Gable. So what reasons did the ALJ give for rejecting the claimant's testimony? With respect to the claimant's testimony, the ALJ, the ALJ gave the reasons that they were not supported by objective medical findings. There was no longitudinal confirmation of consistently severe limitations. They were brief and conclusory. They didn't contain laboratory tests such as an MRI. I'm talking about the claimant's testimony, not the doctor's testimony. Oh, I'm sorry. That's correct. With respect to the claimant's testimony, it was out of proportion to the objective medical evidence. The ALJ relied on the fact that the claimant testified that she had depression and hand pain, especially right thumb pain, a point that the appellant doesn't even defend on appeal. At appellant's opening brief 15, the claimant agrees that they weren't a significant part of it. Right. Let me get more specific. How about the back pain and hand pain? The back and hand pain... We really didn't give any reasons, did we? There weren't a whole lot of great reasons. Well, what did you say? The specific language used... Is that her complaints regarding frequency, severity and duration of her back pain, right upper extremity pain and osteoarthritis do not justify limitations. She testified to depression, however, that wasn't there. As noted above... Oh, with respect to back pain. She testified that on a good day she could stand for one hour, but that on a bad day she could only stand for five minutes, frequently needs to lie down throughout the day. Objective medical findings on the level of treatment are not suggestive of this level of severity. Right. The question is why did he reject her subjective reporting? And he says all I can find is she was not entirely credible, which doesn't rise to the level that we demand in specificity of rejecting a claimant's subjective complaints, in my view. But maybe I'm missing something in the record. It's our position that the ALJ's discussion of inconsistent medical evidence qualifies. The Birchfield-Barnhart case makes clear that lack of supporting evidence is inadequate, but inconsistency with medical evidence is a legitimate consideration for the ALJ. And he did say that the level of treatment and the objective medical evidence were not consistent with her report of the severity of her pain. That's correct. And the evidence, that's a correct finding for the ALJ to have made. The claimant testified, I mean, as the ALJ pointed out, that on good days, and she only had two of those per month, she could stand for an hour. And on bad days she could stand for only five minutes at a time. The ALJ pointed out that Dr. Gable assessed considerably greater capacity, and indeed Dr. Green assessed greater capacity, because both of them said that she could walk for four blocks, which requires more than five minutes at a time. Well, we're talking about two different things, I believe. You're talking about pain and you're talking about what she could do or physical limitations. Where in the record does he talk about the pain and why he's rejecting her pain testimony? The discussion of, well, let me just read you our case. To support a lack of credibility finding, the ALJ was required to point to specific facts in the record which demonstrate that the claimant is in less pain than she claims. And it goes on, I'm talking about the Vasquez case, the Commissioner's argument that the ALJ found that the claimant's complaints were inconsistent with the findings reported by two doctors is not sufficient. So your argument seems to me the same as Vasquez. You said the medical evidence is contradictory. What we said in Vasquez is the ALJ has to, maybe that's enough if the ALJ identifies it, but I'm having some difficulty in this record seeing where the ALJ made the record as to her subjective testimony. And it's, I certainly appreciate the question, but it's the government's position that the reference to the extreme limitations to which she testified and the lack of medical treatment, the MRI that counsel mentioned before, in 2004 was the last medical imaging that was in the record as of the time that the ALJ reached his decision. And so there was not supporting medical evidence. And the Commissioner also points to the fact that there were other areas of credibility that the ALJ properly rejected and that are not defended on appeal, including the depression and hand pain. Right. I agree with you on that, but that's not in front of us on this issue. They aren't contesting that on appeal. They aren't contesting that, but it does go to the overall analysis of the claimant's credibility. And the ALJ appropriately reached that and found part of her testimony not credible and other, and so that was part of the overall analysis of credibility. But he didn't say I didn't believe her on this and therefore I'm not believing her with respect to the back pain. I'm not trying to nitpick here. I'm just trying to, I'm struggling with whether he conformed with the standards we require for rejecting subjective reporting of pain because it does make a difference in this case. If you believe her on the back pain, then it may compel a different result. Correct. Would it compel a different result if the medical evidence is accepted and her pain testimony is accepted? Is a different result compelled? That would depend on what medical evidence we're discussing. If the medical evidence that was accepted by the ALJ is credited by this court and the pain testimony from the claimant is accepted by this court, does the medical evidence change? It's our position that it would not because the medical testimony, the medical evidence, excuse me, would permit a greater degree of functioning than her testimony would. But the two are in conflict, aren't they? They are. And so in cases where they are in conflict, the tie goes to the ALJ. So if they're in conflict, then it's the ALJ's responsibility to weigh those and determine what the outcome should be. That is exactly our position. So it would be harmless error in your view? If there is error, it would be harmless. If there is error, it would be harmless, yes. I see that I am out of time, so if there are no further questions, we will submit. Thank you, Your Honor. Yes, I would like to address that last question and answer about whether or not it would change the decision or the outcome to have credited the statements about back pain. I think it's clear that it would. Reading from the ALJ's own decision on this, the claimant testified to an inability to work due to continuing back pain, then four dots. She testified on a good day she could stand for one hour, but then on a bad day she could stand for only five minutes. She stated she frequently needs to lie down throughout the day. These are all statements recognized by the ALJ at excerpts of Record 019 that, if credited, would require a different result. So I think the answer to that question is pretty clear. Even if the doctors opine that she's not disabled to that degree, you're saying that the pain testimony of the claimant has to take precedence over the opinion of the medical experts? No, I guess not at all, only that they're different issues. And, of course, she does have medical support from her treating doctors and one or from her treating doctor and one examining doctor. The one finding on back pain, I want to read this directly from the decision, too. The claimant's complaints regarding the frequency, severity, and duration of her back pain, three dots, and osteoarthritis, do not justify any further limitations than those based on the objective medical evidence and are generally consistent with the limitations found. That's the one place that back pain is addressed, back pain complaints. And it's based on a comparison with the objective medical evidence, which is not a valid way to measure symptoms, and goes on to say something that makes no sense, generally consistent with the limitations found. That doesn't even register as a relevant finding because the ALJ is discounting her complaints while saying, oh, but in any case, they're consistent with what I find. That doesn't make a lot of sense. So these reasons were not clear and convincing. If the clear and convincing standard is applied, as I submit it should be, these findings could not stand up to that. Well, let's assume, for the sake of the argument, that your client's pain testimony was credited. Did that change the hypothetical that the vocational education expert responded to? Yes. You mean change what hypothetical would be a valid one? Yes. Yes, it would because the hypothetical allowed for greater standing than she stated she could perform and greater attendance at work. Right. Didn't mention lying down. It wasn't a vocational, voc rehab expert question as to whether or not if you accept the claimant's testimony as true, what were the limitations? I don't know, Your Honor. Well, I'm assuming that the person would not be able to stand for more than two to four hours in an eight-hour day. They wouldn't be able to perform the light jobs. Correct answer? That's correct. Right. That's what her testimony was, right? Right. But I think, to get back to Judge Ronaldson's question, why can't the ALJ in some cursory fashion say, I believe the medical testimony and I don't believe the claimant's testimony because I find the medical testimony more persuasive? Well, the ALJ can do that. It has the power and discretion to do that, but not in a cursory fashion where he's evaluating symptom reporting testimony that under well-established law should be reviewed under a clear and convincing standard, looking for clear and convincing reasons found for discounting. So an ALJ can do that with clear and convincing reasons. They're not present here. They're not found here. In fact, one of the reasons, the one I just mentioned doesn't even make sense. And then there are omissions. I wanted to mention this on this credibility issue. There are omissions here that make it less than clear and convincing. And then in the government's argument, they argue that the claimant's arguments making naked, unsupported statements with no connection to the record or explanation as to the issue at hand, not a valid challenge. But I cited six pages or groups of pages of written pre-hearing statements in my brief at page 14. There's also additional written statements by the claimant here at 078 and 159 of the excerpts of record. I argued that these written statements evince disability in a lower RFC than found. And I just wanted to make sure that it's clear that there was no naked, unsupported, non-connected argument as to the written symptom statements. And that's also another reason why the findings were not clear and convincing. Can I address any questions? I do have one other brief. Go ahead. This is on the last issue, the Step 5 findings, which you haven't addressed so far. There's another overstated objection here, that an argument was, quote, wholly false at the government's brief, page 33. I hate to go into so much technicality about whether the ALJ found the burden shifts or shifted, but I contend that my argument was correct rather than wholly false. And the other findings at this Step 5, the other arguments are still good. There was no finding of a significant range of occupations, no finding of readily transferable skills, no finding about consistency with the Dictionary of Occupational Titles. And the government did not adhere to its own terms of law or terms of art about the findings of this step in regard to the range of occupations and the significant numbers of jobs or the readily transferable skills. Another reason to look at this last issue, the Step 5 issues, is that the government argues that the court I think you're getting a little over a bottle here. Well. I mean, the government didn't raise that, and I think we have your argument at hand. All right. We need a little leeway, so. Okay. I just wanted to make sure that was. Yes. All right. Thank you very much, then. Thank you, counsel. Thank you both for your arguments. The case just heard will be submitted for decision.
judges: Carney, Thomas, Rawlinson